

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

December 19, 1963

Dr. J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas

OPINION NO. C-197

Re: Whether an independent
school district can exe-
cute a binding obligation
in the form of an interest-
bearing note or time war-
rant for a school construc-
tion loan secured by pledg-
ing of anticipated incentive
aid payments amounting to
approximately $41,000 an-
nually for a period of nine

Dear Dr. Edgar:                    years.

You have requested that the Attorney General answer the
following three questions:

"(1) Can the independent school district execute a
binding obligation in the form of interest-bearing
note or time-warrant for a school construction loan
secured by or pledging of anticipated incentive aid
payments approximately $41,000 annually for a period
of nine years?

"(2) May incentive aid payments be applied both to
principal and interest on such a loan, or to payment
of principal only?

"(3) If (1) is answered yes: Is assignability of
the incentive aid payments permissible in payment
of the loan; viz., this Agency to forward such pay-
ments as are determined annually to the assignee
lender on its filing of a copy of the assignment
instrument?"

The statutory provision for incentive aid payments to
consolidated independent school districts is found in Article
2815-3, Vernon's Civil Statutes, Section 1 of which provides,
in part, as follows:

"C. The Incentive Aid Payments shall be used ex-
clusively to retire the existing bonded indebted-
ness of the school districts which have been

consolidated, or shall be applied to the cost of
constructing new buildings required by the reorgan-
ized district."

The authority of a school district to issue interest-
bearing time warrants is found in Article 2786e, Vernon's
Civil Statutes, Section 8 of which defines "interest-bearing
time warrants" as being a "promissory note, interest-bearing
time warrant, or obligation or other evidence of indebtedness
issued under this Act."

Section 1 of Article 2786e provides that "such warrants
shall mature in serial installments of not more than five (5)
years from their date of issue" and further that "such war-
rants shall upon maturity be payable out of any available
funds of such school district." (Emphasis added.)

Section 3 of Article 2786e limits the amount of such
warrants that a school district can issue, including the fol-
lowing: "No school district shall have outstanding at any
one time warrants totalling in excess of Twenty-Five Thousand
Dollars ($25,000) under the provisions of this Act."

In answering your first question we have only to deter-
mine whether or not the school district could execute the con-
templated obligation without violating the provisions of
Article 2786e. The answer is that it clearly could not in
that to do so would violate all the requirements of Sections
1 and 3 which are referred to above. Not only would the con-
templated obligation be in an amount of approximately $400,000
(as opposed to the maximum of $25,000 allowed by Article
2786e) and extend over a nine year period (as opposed to the
maximum of five years allowed by Article 2786e), but it would
attempt to secure the loan by pledging specific funds for its
payment, whereas Article 2786e specifically says that such
obligations shall be payable out of "any available funds."
There is no provision in Article 2786e that authorizes
specific funds of any kind to be pledged for payment of time
warrants, nor does Article 2815-3 authorize pledging of
anticipated future incentive aid payments for any purpose.

Since your first question has been answered in the
negative it is unnecessary to answer your second and third
questions.

## SUMMARY

The authority of a school district to execute an interest-bearing note or time warrant is set out in Article 2786e, Vernon's Civil Statutes and is limited by the provisions of said Act. Thus the specific obligation contemplated here would be unlawful in that it would pledge specific funds for payment rather than "any available funds" and would also exceed the statutory maximum as to both amount and duration of the obligation.

Very truly yours,

WAGGONER CARR
Attorney General

BY _James M. Strock_

JAMES M. STROCK
Assistant

JMS:da

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
V. F. Taylor
Ben Harrison
Howard Mays
Jerry Brock

APPROVED FOR THE ATTORNEY GENERAL
BY: H. Grady Chandler